NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DWIGHT D. JOHNSTON, Jr., | No. 20-36109 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01648-CL |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted August 2, 2023**
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and JOHNSTONE, Circuit Judges.

Dwight D. Johnston, Jr., appeals pro se from the district court's judgment

affirming the Commissioner of Social Security's decision denying his application

for disability insurance benefits and supplemental security income under Titles II

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The Administrative Law Judge (ALJ) did not err in evaluating the medical evidence. *See Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (this court will reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence" (internal quotation marks and citation omitted)). Substantial evidence supports the ALJ's findings that Johnston required only "conservative treatment" for his gastrointestinal illnesses and that findings on mental status exam were largely "unremarkable." *See id.* at 1156 (this court must uphold the ALJ's rational interpretation of the evidence). We do not consider the medical and photographic evidence attached to Johnston's opening brief that is not part of the administrative record. *See* 42 U.S.C. § 405(g) (judicial review is based "upon the pleadings and transcript of the record").

We reject Johnston's contention that the ALJ committed harmful error at step two by failing to list various conditions, including gastroesophageal reflux disease, Barrett's esophagus, hiatal hernia, and bipolar disorder, as severe impairments. Because the ALJ resolved this step in Johnston's favor and considered all of Johnston's pain and mental health symptoms in the remainder of

the analysis, any alleged error was harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

The ALJ provided specific and legitimate reasons to assign moderate weight to the controverted opinion of consulting psychologist Molly McKenna as not entirely consistent with or supported by the medical record. *See Ford*, 950 F.3d at 1154. The ALJ provided germane reasons to discount the opinion of treating counselor Jacob Moss as inconsistent with and lacking support from the record. *See Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (ALJ must provide germane reasons to reject an "other source" opinion). The ALJ provided specific and legitimate reasons to assign no weight to treating physician Peter Mahr's concurrence with counselor Moss's opinion for the same reasons, and because Dr. Mahr's concurrence was conclusory and lacked explanation. *See Ford*, 950 F.3d at 1154 (ALJ need not accept a conclusory opinion). The ALJ likewise provided a specific and legitimate reason to assign no weight to Dr. Mahr's statement concerning Johnston's ability to enter vocational rehab because it provided no information concerning Johnston's functional capacity. *See id.* at 1156 (ALJ may reject an opinion for failure to provide information that is useful for determining the claimant's functional capacity).

The ALJ provided specific, clear, and convincing reasons to discredit Johnston's symptom testimony as inconsistent with the medical record and with Johnston's activities. *See Ahearn v. Saul*, 988 F.3d 1111, 1116–17 (9th Cir. 2021).

We decline to consider Johnston's remaining contentions because he failed to raise them before the district court. *See Smartt v. Kijakazi*, 53 F.4th 489, 500–01 (9th Cir. 2022) (issues not raised to the district court generally are waived).

We deny all pending motions.

**AFFIRMED.**